# CIRCUIT COURT OF BALTIMORE CITY.

Filed October 29, 1897.

## GABRIEL DUVAL
VS.
## EDWIN M. WILMER, ET AL.

*Henry C. Kennard* for plaintiff.

*Harry C. Gaither* and *W. Arthur Sellman* for defendants.

DENNIS, J.—

In October, 1885, the plaintiff and the defendant, Hanes, purchased jointly seventeen lots of ground, with the improvements, situated on Kensett street, in this city.

The enterprise was a speculative one, the idea being to sell the lots as occasion might offer, and to divide whatever profits might be realized.

Each of the parties was to put in $500 cash, and the balance of the purchase money, amounting to $2,400, was to be raised by a mortgage upon the property.

The conditions were complied with; and on the 17th day of October, 1885, the two purchasers entered into an agreement, under seal, between themselves, by which it was agreed that the title of the property should be taken in DuVal's name, and after payment of the mortgage expenses upon the property, etc., then when the lots should be sold, the profits should be divided equally between the parties.

On November 12th, 1896, Hanes, who was indebted to the defendant, Wilmer, in consideration of the delivery up to him by the latter of certain obligations of his, assigned by deed, duly executed and acknowledged, all his interest in the said property and under the said contract to Wilmer, at the same time delivering to Wilmer the agreement of Oct. 17th, 1885, between him and DuVal. These papers were kept by Wilmer, but never put upon record until some time in 1890, nor did he give notice to DuVal, nor did the latter have knowledge in any other way, of the assignment until about the time the papers were recorded.

Subsequently to the assignment to wit, on the 1st day of February, 1887, Hanes executed an assignment of his interest in the same property to DuVal, the consideration expressed being "a settlement made that day" between them; this paper was never acknowledged, not put on record.

DuVal now files this bill, in which he asks that the assignment to Wilmer may be declared null and void, and set aside because it constitutes a cloud upon his title; and this relief is sought upon three theories; first, because it is claimed that the assignment to Wilmer by Hanes was without consideration and fraudulent; secondly, because Hanes was too drunk at the time of that transaction to make a valid deed or contract; and third, because Hanes had no interest in the property at the time of the assignment.

As to the first: It is sufficient to say that the testimony shows beyond dispute that the assignment was made in consideration of the delivery by Wilmer of certain promissory notes of Hanes, which certainly constitutes a valuable consideration; and I fail to see any such fraud about the transaction as to vitiate it or justify its being set aside.

As to the second: There is absolutely no evidence upon this point worth considering. Hanes is the only witness who swears to it, and his testimony is that he never made the deed, or, if he did, he was so drunk that he did not know what he was doing. Wilmer swears that he was sober, and certain it is that the day after its execution he appeared before the justice and acknowledged it and he nowhere swears that he was drunk then, and acknowledgment when sober would make the deed valid even if he was incapable by

reason of drunkenness of making it when it was executed.

As to the third: The plaintiff has offered evidence tending to show that some time in the fall of 1886, he had already bought out Hanes' interest in this property, by crediting him in a settlement then had between them with the $500 Hanes had advanced as purchase money, Hanes consenting to that arrangement. This evidence has been objected to, as being in contradition of the assignment from Hanes to DuVal, of February, 1897.

I think it is inadmissible for that reason; but even were it admissible, it could not avail the plaintiff; first, because it is not shown that the agreement was prior to the Wilmer assignment; and secondly, because it was at the most a parol agreement for the transfer of an interest in land contrary to the Statute of Frauds. That Hanes' interest in the property was an interest in land within the meaning of the Statute is too clear for argument or to need authority; under the agreement between him and Duval already referred to, while the legal title was to be taken in DuVal's name, the parties were joint owners of the property, with equal interests in every respect. So that the plaintiff must stand upon his rights under the assignment to him of February, 1897. But that assignment was some months subsequent to the assignment to Wilmer; and it is beyond dispute in this State, that between two unrecorded assignments of an interest in land, the one which is prior in point of time is prior in right.

The bill will therefore be dismissed.